# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

THOMAS BRYANT

Plaintiff

- against -

Christine Loverde, Gary Pritchard, Officer Berg, Micheal Boczar, Steven Kaczmarek, Andrew Dannheim, Nurse D. Buckley, and Z. Cogglio, all sued in their individual capacities.

Defendants.

Civ No.
JURY TRIAL DEMAND

10 CV 450

FILED JUN 1 2010 MICHAEL J. ROEMER, CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF NY

## Preliminary Statement

This is a Civil Action Filed by Thomas Bryant a state prisoner under 42 U.S.C. § 1983 alleging excessive use of force, sexual harassment, inadequate medical care, and retaliation in violation of the Eigth Amendment to the United States Constitution.

### I. Jurisdiction

1. This Court has Jurisdiction over the plaintiff's claims under 42 U.S.C. §§ 1331 and 1343 (a)(3).

### II. Venue

2. The Western District of New York is an appropriate venue because the events giving rise to this claim occurred in the Western District.

### III. Parties

3. The plaintiff Thomas Bryant was incarcerated at Attica Correctional Facility during the events described in this complaint. He is currently incarcerated at Attica Correctional Facility, Box 0149, Attica, N.Y. 14011-0149.

4. Defendant Gary Pritchard is a Correction Officer employed by the State of New York Department of Correctional Services, who at all times mentioned in this complaint was assigned to Attica Correctional Facility, Box 0149, Attica, N.Y. 14011-0149. He is sued in his individual capacity.

5. Defendant Christine Loverde is a Correction Officer employed by the State of New York Department of Correctional Services, who at all times mentioned in this complaint held the rank of Sargeant and was assigned to Attica Correctional Facility, Box 0149, Attica, N.Y. 14011-0149. She is sued in her individual Capacity.

6. Defendant Andrew Dannheim is a Correction Officer employed by the State of New York Department of Correctional Services, who at all times mentioned in this complaint was assigned to Attica Correctional Facility, Box 0149, Attica, N.Y. 14011-0149. He is sued in his individual Capacity.

7. Defendant Micheal Boczar is a Correction Officer employed by the State of New York Department of Correctional Services, who at all times mentioned in this complaint was assigned to Attica Correctional Facility, Box 0149, Attica, N.Y. 14011-0149. He is sued in his individual Capacity.

8. Defendant Berg, is a correction officer employed by the State of New York Department of correctional Services who at all times mentioned in this complaint was assigned to Attica Correctional Facility, Box 0149 Attica, N.Y. 14011-0149, whose first name is presently unknown to plaintiff. He is sued in his individual capacity.

9. Defendant Steven Kaczmarek is a correction officer employed by the State of New York Department of correctional services who at all times mentioned in this complaint was assigned to Attica Correctional Facility, Box 0149, Attica, N.Y. 14011-0149. He is sued in his individual capacity.

10. Defendant Z. Cogglia is a correction officer employed by the State of New York Department of correctional services, who at all times mentioned in this complaint was assigned to Attica correctional Facility, Box 0149 Attica, N.Y 14011-0149, whose first name is presently unknown to Plaintiff. He is sued in his individual capacity.

11. Defendant Nurse D. Buckley is a Nurse employed by the State of New York Department of correctional Services, who at all times mentioned in this complaint was assigned to Attica Correctional Facility, Box 0149, Attica, N.Y 14011-0149, whose first name is presently unknown to plaintiff. She is sued in her individual capacity.

12. All the defendants have acted and continue to act under color of state law at all times relevant to this complaint

### IIII. Previous Law Suits

13. Plaintiff have never before filed a law suit.

### V. Factual Allegations

14. On August 14, 2007 the plaintiff was pulled out the line with instructions "to put his hands on the wall" while on his way to evening recreation in C-yard; by defendant Pritchard to be searched.

15. Defendants Laverde, Boczar, Kaczmarek, Dannheim, and other unidentified guards was in the c-block corridor also.

16. When all the inmates was outside, with plaintiff still on the wall in a pat frisk position defendant Pritchard, asked plaintiff "was he a homo" (short for homosexual)? Plaintiff at this time responded by telling defendant Pritchard "my sexual preference is none of your business!"

17. The surrounding officers began laughing at him. One officer asked defendant Pritchard "How did he know that he was a her?" Defendant Pritchard responded by saying "he detected a lisp in my speech!" Defendant Pritchard then ordered plaintiff to step back as far as he can go. Plaintiff complied.

### Sexual Harassment

18. Defendant Pritchard began searching plaintiff. During the search, Defendant Pritchard placed both his hands in the elastic band of plaintiff underwares to assumely search the slit... instead defendant Pritchard felt on Plaintiff penis and testicles.

19. Defendant Pritchard went further on and squeezed plaintiff testicles. Plaintiff flinched and at such reaction a officer told plaintiff "you better not take your hands off the wall!" plaintiff started crying but remained on the wall in the pat frisk position.

20. Proceeding... Defendant Pritchard with his hands still in plaintiff underwares moved both his hands to where they were now on plaintiff buttocks, spreaded them and attempted to insert one of his fingers inside plaintiff rectum.

21. Plaintiff resisted defendant Pritchard advancement by squeezing his buttocks together. At this time Defendant Pritchard tells plaintiff "Yeah make it tight for me!"

22. (misuse of force) Plaintiff at this time screamed out for the sargeant "SARGEANT!!!"

23. Defendant Pritchard at the same time of plaintiff screaming for the sargeant, slammed Plaintiff face in the wall and yelled out "he got something on him!"

24. Defendants Boczar, Kaczmarek, Dannheim, Pritchard, along with other unidentified officers began punching plaintiff in his body and face; pulling plaintiff by his hair (which came out) while getting him to the floor. Once brought to the floor with heavy boots on they began to stomp and kick him repeatedly, one officer grabbed plaintiff foot (later identified as mic-heal Boczar) and started twisting it in an attempt to break it. The assault lasted for approximately 5 minutes.

25. After the Assault, mechanical restraints was applied on plaintiff. Plaintiff was stood up and had his face forcefully pressed into the wall to stop the bleeding from a laceration received to the right eye brow. Simultaneously a officer proceeded to cut plaintiff dred locks out (one dred was severed and the other dred was cut in to - both damaged).

26. During these events described the plaintiff did not resist or threaten the officers in any fashion.

27. During these events described in paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, and 26 herein the defendant Loverde was present and did not intervene to prevent the inappropriate touching of plaintiff genitals, the squeezing of his testicles, the attempted sodomy, the ripping and cutting out of his hair, kicks, stomps, punches, and twisting of his foot.

28. Upon information and belief defendant Loverde, condoned defendants behavior by conferring and concurring with their alibis; by stating: "You weren't here right!" And asking "you weren't here right?" Also, by accepting the dreds that was ripped and cut out Plaintiff head.

29. Upon information and belief defendant Pritchard have repeatedly engaged in sexual misconduct and excessive force against inmates in the past.

30. **Inadequate Medical Attention** Immediately after this incident, Plaintiff was escorted from C-block corridor to Special Housing Unit (Here after SHU) where he was seen by defendant Nurse D. Buckley.

31. Defendant Nurse D. Buckley asked plaintiff what happened and plaintiff re-illerated paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25. Plaintiff showed defendant Buckley, his injuries which was his swollen left foot, laceration on right eye brow, the bald spots where the blood was still coming forth. Plaintiff notified her that he couldn't hear out of his right ear also plaintiff showed her his back. Upon seeing plaintiff back, SHU Sargeant asked "what the hell happened to the kid back?"

32. At this time Defendant Buckley took the sargeant into the security booth, along with other officers present including Defendant Cogglia and began talking.

33. On several occassions the door opened because the officers was coming in and out of it; Plaintiff over heard defendant Nurse D. Buckley speaking to sgt. welsh about what restraining

-3-

33. con't). methods can best produce these injuries; thus defendant Nurse Buckley was preping the officers on how to properly cover themselves.

34. Plaintiff was under the impression that Defendant Buckley was documenting what caused his injuries and what injuries he reported. Defendant Nurse Buckley only put down what could be visibley seen (minus back) and never put down plaintiff statements on how he come to get such injuries.

35. Upon information and belief this was done to shield name defendant's particularly defendant Pritchard from any paper trail of his physical involvement.

36. By doing so (paragraph 34) Defendant Nurse Buckley actions denied me adequate medical attention and compromised my medical files by not just falsifying the reports on the use of force but also sharing confidential information of plaintiff's with the other defendants, specifically Defendant Z. Cogglia.

37. While taking photo's of plaintiff injuries, defendant Berg, stuffed plaintiff dredlocks down the backside of his underwares so no photo's of his back can be taken to show the boot prints, abrasians, bruises, wounds, and welts.

38. After taking photo's... Plaintiff was then escorted to his cell in SHU, in pain with no medication to ease such along with open wounds. While being escorted Defendant Berg began telling inmates on the company "plaintiff raped, murdered, decapitated, then burned a 12 yr. old girl" in an attempt to rally the inmates up against him.

39. When that wasn't acheived and the inmates on the company began concerning themselves with his well being, Defendant Cogglia fabricated an account of over hearing plaintiff bragging on the gate about swallowing a razor; to get plaintiff away from his peers, audio & video recording, and immediate help; thus plaintiff was took out his cell, strip searched again and told that he's going to the contraband watchroom.

40. Plaintiff stayed in the contraband watchroom for approx. 12 days without any medical attention under harsh conditions where the officers while plaintiff was sleep would kick on the door, they would lie when he used the bathroom and state: "not enough stool" denied medical attention, denied soap and water, tooth paste & tooth brush, and was denied to actually use the bathroom which resulted in plaintiff using the bathroom on the floor.

41. Plaintiff substained: loss of hearing in right ear, a total of 8 dreds ripped out (2) damaged, a laceration under right eye brow, a injured left foot, left side of body with a circular abrasion, left chest area with a small abrasion, and a injured back.

## Retaliation

42. Upon information and belief Plaintiff was subjected to this because of the nature of his conviction... as was his hair an excuse (having dred locks and not being Rastafarian) the opening stage for the defendants to began their harassment of plaintiff.

## VI Exhaustion

43. Plaintiff has exhausted all available administrative remedies regarding the matters described in this complaint. On August 31, 2007 he filed a grievance complaining of corrections officer Pritchard sexually assaulting him, planting a weapon on him, assaulted thereafter by numerous officers, sargeant laverde doing nothing to stop the assault, being denied medical attention and nurse Buckley assisting in covering for the officers, defendant Cogglia lying about hearing him brag about swallowing a razor (Note: officer

43 (con't). Berg actions was later address in another grievance dealing with enticing the inmates to segregate themselves from plaintiff because of the nature of his conviction) asking for medical care and for felony assault charges brought against the officers. This grievance was denied by the Superintendent "10-24-07". On 10/29/07, the plaintiff filed an appeal to the central office review committee (C.O.R.C) and asking for the action requested in the grievance to be granted. This appeal was denied by C.O.R.C on 11-21-07. Plaintiff as of now is unable to forward copy of both grievances as he don't currently have them in his possession nor do he have the funds to purchase under F.O.I.L.

44. Plaintiff went further and attempted to press outside charges on defendants but led to an failed attempt as he was judicially out of place with his "writ of mandamus" filed compelling the courts to process such charges. See: Index No. 20,824-09.

### VII Claims for relief

45. Plaintiff supports the following claims by reference to the pervious paragraphs of this complaint.

### COUNT I

46. The actions of Defendant Gary Pritchard in sexually harassing and using physical force against the plaintiff without need was done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth admendment to the United States Constitution.

### COUNT II

47. The actions of Defendant's Boczar, Kaczmarek, and Dannheim in using physical force against plaintiff without need were done maliciously and sadistically and constituted Cruel and unusual punishment in violation of the Eighth Admendemt to the United States Constitution.

### COUNT III

48. The actions of Defendant Nurse D. Buckley in denying plaintiff medical treatment (leaving him in pain), sharing his confidential medical documents with other defendants not entitled to such info, and using her experience along with such documents to cover defendant's malfeasance was done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

### COUNT IIII

49. The actions of defendant Berg in hiding plaintiff injuries and attempting to incite others against plaintiff was done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

### COUNT V

50. The actions of defendant Z. Cogglia in lying and thus manipulating D.O.C.S Directives concerning contraband causing the immediate seperation and isolation of plaintiff from peers and others concerned; and what transpired to plaintiff while in contraband room was done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

## COUNT VI

51. The actions of defendant Christine Loverde in failing to intervene to prevent the sexual harassment and misuse of force was done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

## VIII Relief Requested

Wherefore, plaintiff requests that the court grant the following relief:

A. Award compensatory damages in the following amounts:

1. $1,000,000.00 jointly and severally against defendants Loverde, Pritchard, Boczar, Kuczmarek, Dannheim, Nurse D. Buckley, Berg, and Coggliq for the physical injuries sustained as a result of the plaintiff's beating and trying to cover for its happenstance.

B. Award punitive damages in the following amounts:

1. $400,000.00 each against defendants Pritchard, Loverde, Boczar, Kuczmarek, and Dannheim

2. $200,000.00 each against defendants Nurse D. Buckley, Berg, and Coggliq.

C. Plaintiff's cost of this suit.

D. To be housed in another facility while actions are pending.

E. Grant such other relief as it may appear that plaintiff is entitled.

Respectfully submitted this 24th day of May, 2010

Thomas Bryant
Thomas Bryant #02A5545
Attica Correctional Facility
Box 0149
Attica, NY 14011-0149

Pursuant to 28 U.S.C. 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 24th, 2010

Thomas Bryant
Thomas Bryant