UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS BRYANT,

                Plaintiff,

    v.

CHRISTINE LOVERDE,
GARY PRITCHARD,
OFFICER BERG,
MICHAEL BOCZAR,
STEVEN KACZMAREK,
ANDREW DANNHEIM,
NURSE D. BUCKLEY, and
Z. COGGLIA,

                Defendants.

**DECISION AND ORDER**

1:10-CV-00450-JJM

---

## INTRODUCTION

        The parties have consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. §636(c) [12]. Defendants move pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) to dismiss plaintiff's retaliation claim and all claims against defendant Cogglia. Defendants' Memorandum of Law [8]. For the following reasons, defendants' motion is granted, without prejudice to plaintiff's right to file an Amended Complaint on or before September 29, 2011.

## BACKGROUND

        Plaintiff, a prisoner proceeding *pro se*, seeks monetary damages and other relief pursuant to 42 U.S.C. §1983. Complaint [1]. He alleges that on August 14, 2007, while incarcerated, he was taken out of a line of prisoners on their way to outdoor recreation and told to

"put his hands on the wall." Id. ¶ 14. He further alleges that after he complied with this order, defendant correction officer Gary Pritchard asked plaintiff if he "was a homo" and made other derogatory remarks about plaintiff's sexual orientation. Id. ¶¶ 16-17. Plaintiff alleges that while he was being frisked, defendant Pritchard attempted to insert his finger into his rectum and made further offensive comments when he tried to resist. Id. ¶¶ 20-21. Plaintiff claims that when he yelled for help, defendant Pritchard yelled out "he's got something on him!", which resulted in plaintiff being assaulted by defendant correction officers Pritchard, Michael Boczar, Steven Kaczmarek and Andrew Dannheim, along with other unnamed officers. Id. ¶¶ 22-24. He further alleges that following this assault, he was sent to a special housing unit ("SHU") for medical attention, and that while he was in the SHU, defendants conspired with other defendants to conceal any wrongdoing on the part of the assaulting officers. Id. ¶¶ 30-37.

Plaintiff alleges that defendant Cogglia falsely reported that he had bragged about swallowing a razor blade, which resulted in his immediate transfer to a contraband watch room, where he alleges he was further denied medical treatment and subjected to additional abuses for approximately 12 days. Id. ¶¶ 39-40, Count V.

## ANALYSIS

A.   **Dismissal Standard**

"When, as here, the complaint is filed by a *pro se* plaintiff, we construe the complaint liberally, interpreting it to raise the strongest arguments that it suggests." Caro v. Weintraub, 618 F.3d 94, 97 (2d Cir. 2010). Moreover, "the court should not dismiss without

granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated". Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991).

"Notwithstanding this rule, however, even when a plaintiff is proceeding *pro se*, all normal rules of pleading are not absolutely suspended." Johnson v. Connolly, 2008 WL 724167, *6 (N.D.N.Y. 2008). Thus, where the problem with plaintiff's complaint is "substantive [and] better pleading will not cure it [,] . . . [s]uch a futile request to replead should be denied". Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

**B.     Plaintiff's Retaliation Claim**

Defendants argue that plaintiff fails to allege the necessary elements of a §1983 retaliation claim. Defendants' Memorandum of Law [9], pp. 2-3. I agree. Although "[a]n act in retaliation for the exercise of a constitutional right is actionable under section 1983", Franco v. Kelly, 854 F.2d 584, 590 (2d Cir. 1988), plaintiff's complaint fails to allege that he was punished for exercising a constitutional right. Instead, plaintiff claims that he was "subjected to [the alleged abuses] because of the nature of his conviction" (Complaint [1], ¶ 42), which is insufficient to state a claim.

**C.     Plaintiff's Claims Against Defendant Cogglia**

Plaintiff alleges that defendant Cogglia falsely reported overhearing plaintiff brag about swallowing a razor blade, leading to plaintiff's immediate isolation in the prison's contraband watch room, where he was subsequently abused and denied medical care in violation of the Eighth Amendment. Complaint [1], Count V.

Defendants argue that plaintiff "fails to state a claim against Cogglia." Defendants' Memorandum of Law [9], p.4. I agree. Even accepting as true plaintiff's allegation that defendant Cogglia lied when he reported that plaintiff had bragged about swallowing a razor blade, standing alone, this allegation does nothing to implicate Cogglia in the Eighth Amendment violations that allegedly occurred in the contraband watch room. *See* Treglia v. Cate, 2010 WL 4939442, *1-2 (N.D.Cal. 2010)(dismissing complaint against prison psychiatrist based upon allegations that he had allegedly made a false report that resulted in the plaintiff's transfer to a contraband surveillance watch cell where the plaintiff was allegedly subjected to cruel and unusual treatment).

## CONCLUSION

For these reasons, defendants' motion for partial dismissal [8] is granted, without prejudice to plaintiff's right to file an Amended Complaint curing the pleading deficiencies in the original Complaint (if plaintiff can do so in good faith and consistent with Rule 11) on or before September 29, 2011.

 SO ORDERED.

DATED:	August 29, 2011


/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge